Frances E. KOJRO, Administratrix of the Estate of Leonard A. Kojro, Plaintiff,

v.

Joseph L. SIKORSKI, Defendant.

Superior Court of Delaware, New Castle.

June 10, 1970.

Henry A. Wise, Jr., Wilmington, for plaintiff.

Stanley T. Czajkowski, Wilmington, for defendant.

OPINION

STOREY, Judge.

This is an action for money allegedly due plaintiff's decedent, Leonard Kojro, under the terms of two instruments signed by defendant. The first instrument, dated September 18, 1950, was a promise to pay $3,000.00 with 3% interest to plaintiff's decedent and plaintiff's decedent's former wife. The second instrument, dated July 25, 1951, acknowledged receipt of $1,500.00 from plaintiff's decedent's former wife only. Plaintiff's decedent's former wife died childless and intestate in 1959. There was no administration of her estate. Between January 1962 and October 1963 defendant paid $3,000.00 to plaintiff's decedent in the form of seven checks, the last of which was marked "account paid in full". Aside from a $200.00 payment dated March 25, 1966, no other payments on either of the

two instruments were made. Approximately four months prior to plaintiff's decedent's death in April, 1966, and pursuant to plaintiff's decedent's request, plaintiff went to defendant's office, informing defendant that she had come "to settle about our money". In reply, defendant stated "I'm sorry but I overdrew my checking account and when I get everything straightened out I will settle it. Tell Leonard not to worry about nothing, everything is going to be okay".

The first issue in this case is whether suit on a chose-in-action may be brought by the sole heir and/or co-tenant by the entireties of the obligee of the chose-in-action without joining an administrator of the obligee, where the obligee has been deceased for nine years and where there has been no administration of the obligee's estate? Plaintiff asserts that since the $3,000.00 instrument was held by her decedent and her decedent's former wife, as tenants by the entireties, and that since her decedent was the sole heir of her decedent's former wife as to both the $3,000.00 and the $1,500.00 instruments, plaintiff can maintain this action without joining any administrator of decedent's former wife's estate as an indispensable party. Defendant asserts that an administrator of plaintiff's decedent's former wife's estate is an indispensable party and that failure to join an administrator requires dismissal of the action.

██ Unless the absence of an indispensable party can be and is cured by joinder, a dismissal normally must be granted. 3A Moore's Federal Practice, Sec. 19.-07(1), p. 2222. Indispensable parties were defined by the United States Supreme Court in Shields et al. v. Barrow, 58 U.S. 130, 139, 15 L.Ed. 158 (1854), as:

"Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

Whether an heir may bring an action based upon inherited rights without joining the deceased's personal representative is thus dependent upon the nature under local law of the respective interests in a decedent's property acquired by the decedent's personal representative and heirs. See Hale v. Campbell, 127 F.2d 594 (8th Cir. 1942); Simon v. Shaffer, 11 F.Supp. 450 (N.D.Okla.1935). As stated in 23 Am.Jur.2d 769, 770, Descent and Distribution, Sec. 22:

"The interests of distributees in personal property accrue immediately on the death of the ancestor. These interests are subject, however, to the satisfaction of all debts and charges and an administration of the estate according to law."

\* \* \* \* \* \*

"In some jurisdictions the rule is that the rights of distributees prior to an order of distribution are only equitable, the administrator holding the legal title in trust for purposes of administering the estate, but in some others the legal title to personal property passes directly to the distributees, as in the case of realty, the personal representative having only a qualified right to be exercised on order of the court. Sometimes the personal property vests in the heirs immediately on the death of the ancestor, subject to be divested on the appointment of a personal representative. It has been told that when no administrator of the estate of the decedent has been appointed and when no necessity therefor exists, the personal property owned by the decedent at the time of his death descends directly to the heir and vests in him to the same extent as if it were real property. And it has been held that where no administration has been granted and the time for taking out thereof has expired, the personal property of the ancestor passes to the heirs as of the date of his death."

See also 2 Barron and Holtzoff 122, Section 513.5. Delaware statutory law pertaining to the question is found in 12 Del. Code, Section 512:

> "Provided that if the intestate is married at the time of his or her death and leaves no child nor descendants of a child living, the surviving spouse shall be entitled to the residue of the intestate's personal estate absolutely, * * *."

■ Although it has been stated in Delaware that upon the death of a person, legal and equitable title to his personal property vests in his executor or administrator, it is likewise clear that such vesting is for the limited purpose of administration. In re Spicer's Estate, 13 Del.Ch. 430, 120 A. 90 (Del. Orphans' Ct., 1923); Yancey v. National Trust Company, 251 A.2d 561 (Supreme Ct., Del.1969). In light of the provision of 12 Del.Code, § 512, supra, it seems incongruous that such a provision for vesting title to a decedent's property in the personal representative for a limited purpose, could be construed to defeat the interests of the heirs of the property, absent an administration. It is far more likely that the reason for such a provision vesting title in the personal representative is to enable him to accomplish the limited functions of administration with respect to the property. Such was the case in both In re Spicer, supra, and Yancey, supra. It is thus this Court's opinion that plaintiff's decedent in this case had title to both choses-in-action involved here, notwithstanding the absence of administration of plaintiff's decedent's former wife's estate.*

■ The question remaining is whether an administrator of plaintiff's decedent's former wife's estate would nevertheless be an indispensable party, due to the possible later disclosure of unknown heirs of/or claims against that estate. Considering the remoteness of these possibilities after nine years, as well as the definition of an "indispensable party", as set forth in Shields v. Barrow, supra, it is this Court's opinion that plaintiff's decedent's former wife's administrator is not an indispensable party to this action. See also Hale v. Campbell, supra. Accordingly, plaintiff has a right to maintain this action.

■ The next issue to be resolved is whether the substance of the conversation between plaintiff and defendant prior to plaintiff's decedent's death concerning "settlement about our money" constitutes acknowledgment of the $1,500.00 debt so as to toll the statute of limitations.

An admission or acknowledgment by a debtor of a subsisting debt from which a promise to pay may be implied, may take a case out of the operation of the statute of limitation. 12 Am.Jur.2d 72, Bills & Notes, Sec. 1059. See also 34 Am.Jur. 233, Limitation of Actions, Sec. 290. Although no particular form is necessary, to remove a case from the statute of limitation there must be a clear, distinct and unequivocal acknowledgment of a subsisting debt and a recognition of an obligation to pay it. 12 Am.Jur.2d 73, Bills & Notes, Sec. 1059; Windsor v. Hearn, 5 W.W.Harr. 184, 161 A. 288 (Supreme Ct.Del.1932). There must be more than a vague or loose admission of an obligation. Windsor, supra, p. 291.

As further stated in 34 Am.Jur. 246, Limitation of Actions, Sec. 305:

> "There should be no uncertainty as to the debt referred to by an acknowledgment or new promise. The general rule is that to take a demand from the opera-

---

* As to the $1,500.00 note, plaintiff's decedent acquired his interest as the sole heir of his former wife. Whether this same reasoning applies to his former wife's interest in the $3,000.00 note need not be decided, as the decedent and his former wife held that note as tenants by the entireties. Under either a sole heir theory or a tenants by the entireties theory, plaintiff's decedent now has sole interest in the note. See In re Giant Portland Cement Co., 26 Del.Ch. 32, 21 A.2d 697 (1941).

tion of the statute, the acknowledgment should be clear and explicit in relation to the subject or demand to which it refers—that is, the acknowledgment must either identify it or afford the means of identification, either of itself or in connection with the circumstances under which it was made. It follows that where there are two or more distinct obligations due the same creditor, the acknowledgment must itself identify the one or ones to which the promise to pay attaches, and it seems that the bar of the statute is not removed by a general admission of unsettled matters of account between the parties."

Considering the nature of the conversation between plaintiff and defendant relied upon by plaintiff in this case, this Court is of the opinion that the statements made by defendant were insufficient to constitute an acknowledgment, and thus remove the $1,500.00 claim from the bar of the statute of limitation. See also Schuchler v. Cooper, 62 A. 261 (Del.Super.1904).

▇▇▇ The final issue to be considered is whether acceptance and retention of a check tendered by a decedent as full payment of the principal amount due on a note and marked "account paid in full", and nearly three years forbearance from collection of interest by the decedent, estops recovery of interest by the decedent's estate where there is evidence that the decedent during his lifetime followed a practice of not charging interest to relatives.

As stated in 28 Am.Jur.2d 640, Estoppel & Waiver, Sec. 35:

"Broadly speaking, the essential elements of an equitable estoppel or estoppel in pais, as related to the party to be estopped, are: (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the

intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice."

Affirmative action on the part of the party to be estopped is not always essential, as the doctrine has been held applicable to transactions involving silence, delay and inaction. 28 Am.Jur.2d 665, 673, Estoppel & Waiver, Secs. 53, 58. Haveg Corporation v. Guyer, 226 A.2d 231, 234 (Supreme Ct.Del.1967); Timmons v. Campbell, 35 Del.Ch. 68, 111 A.2d 220 (1955). Nor is it essential to creation of an estoppel that the party sought to be estopped have had an actual intent to deceive or mislead. 28 Am.Jur.2d 648, Estoppel & Waiver, Sec. 41. Unintentional conduct which induces reliance of another to his detriment is sufficient to create an estoppel. Wilson v. American Insurance Company, 209 A.2d 902, 904 (Supreme Ct.Del.1965); Wolf v. Globe Liquor Co., 34 Del.Ch. 312, 103 A.2d 774 (Supreme Ct.Del.1954). Although the decedent's silence and inaction in this case were undoubtedly not intended to deceive, under the circumstances, their clear effect was to induce defendant's reliance on plaintiff's decedent's forbearance from collection of interest on the $3,000.00 note. Given the decedent's normal practice of not charging interest to relatives, and recognizing that decedent's death has deprived defendant of the opportunity of establishing decedent's intent to waive collection of interest on the $3,000.00 note, decedent's inaction makes enforcement of the interest provision wholly inequitable. Accordingly,

plaintiff is estopped to assert such a claim. Graham v. National Bank of Smyrna, 2 W.W.Harr. 264, 122 A. 85, 87 (Del.Super. 1923).

In accordance with the above, judgment will be entered for the defendant.

It is so ordered.