Peter MYKULAK, Plaintiff,

v.

William COLLINS, Defendant.

Superior Court of Delaware,
New Castle.

Jan. 24, 1973.

Hiram W. Warder, Wilmington, for plaintiff.

Elwyn Evans, Jr., Wilmington, for defendant.

OPINION AFTER TRIAL

TAYLOR, Judge.

Plaintiff has sued upon two instruments signed by defendant and acknowledged before a Notary Public on February 15,

1967.[1] Defendant presented no evidence, but asserts the Statute of Limitations as a bar to recovery on each note.

Defendant contends that the applicable Statute of Limitations is 10 Del.C. § 8106, which bars action after the expiration of three years. Plaintiff contends that the claim comes within 10 Del.C. § 8108 which permits an action to be commenced within six years from the accruing of the cause of action. The action commenced April 12, 1972, within the six year period provided in the latter Statute.

In order for plaintiff to pursue his claim, the instruments sued on must come within the category of (1) a promissory note, (2) a bill of exchange, or (3) an acknowledgment under the hand of the party of a subsisting demand. It is not contended that the instruments are bills of exchange. Thus, if the instruments are to come within the six year limitation, they must be either promissory notes or "acknowledgments under the hand of the party of a subsisting demand".

Since the parties have addressed themselves primarily to the meaning of the latter phrase, the Court will consider this first.

Language identical to that of 10 Del.C. § 8108 is found in the Revised Code of 1829 p. 397, § 5.[2] The meaning and effect of this ancient phrase was delineated in Boston v. Bradley's Ex'r., 4 Harr. 524, 527–528 (Del.Super.1847). This Court stated that if an instrument of acknowledgment was sufficient in itself to establish plaintiff's claim or cause of action, it qualified under the six year statute of limitations. If oral testimony was required in addition to the instrument, the six year statute was not applicable. In Boston, supra, the parties had executed a written contract whereby defendant would transport and sell plaintiff's oysters and the proceeds of the sale would be divided between plaintiff and defendant. Because the written instrument did not prove the claim, but oral testimony of actions taken pursuant to the contract was required, the case did not come within the statutory language.

Defendant has cited Booth's Ex'r. v. Stockton's Ex'r., 1 Harr. 51 (Del.Ct.Err. & App.1832) in support of a narrow application of the statutory terms. It is noted that Booth, supra, involved an earlier statute, 2 Del.Laws p. 1133, which excepted from the three year statute of limitations promissory notes and "settlements under the hands of the parties concerned". Thus the earlier statute dealt with "settlement", while the progenitor of the present statute dealt with "acknowledgment . . . of subsisting demand". However, the rule announced in Booth, supra, was accepted in Boston v. Bradley's Ex'r., supra, as being applicable to the later statute. That rule is described above in the discussion of Boston, supra. The claim in Booth, supra, failed to qualify under that rule because the instrument relied upon was a mere agreement to "settle" (make an adjustment of accounts) and failed to establish an amount due under the settlement. Booth, supra, does not support the rejection of the instant claim from the six year statute of limitations.

Defendant argues that the statute reference to "subsisting demand" requires that there be a demand, as that word is used in connection with negotiable instruments, i. e., a request for payment. Because the wording of this clause of the statute is of ancient origin and is not particularly meaningful viewed from today's word

---

1. With the exception of the amount stated in each note, the form of each note is as follows:
    "On this fifteenth day of February, 1967, I William Collins, do hereby promise, with witness, to pay the sume of $ to Mr. Peter Mykulak, for the loan extended to me by Mr. Peter Mykulak. Upon payment, all debts and transactions will be paid in full and final."

2. With the exception of the substitution of the word "a" for the word "the" as the second word of the section, a substitution which does not affect the meaning.

usage, it is helpful to determine what meaning these words had at the time of passage.

It is said that the word "demand is a term of art of an extent greater in its signification than any other word except claim". 1 Bouvier's Law Dictionary 831.

The Supreme Court of Pennsylvania in 1822, seven years before the passage of the original statutory language which is under consideration here, declared in Scott v. Morris, 9 S. & R. 123, 124 (Pa.Supr. 1822):

> "The word *demand* is very comprehensive. It includes every thing which the creditors would have been entitled to recover by suit."

The Court was there considering the effect of the phrase "the amount of their respective demands in full". The definition quoted above was cited with approval in Murphy's Appeal, 6 Watts & S. 223, 226 (Pa.Supr.1843).

Similarly, the New York Supreme Court in 1842 in In Matter of Denny, 2 Hill 220 (N.Y.Supr.1842), while distinguishing between an earlier statute which used the word "demand" and a later statute which used the word "debt", stated:

> "for it is clear that the term 'demand' is of much broader import than 'debt', and would embrace rights of action belonging to the debtor beyond those which could appropriately be called debts. In this respect, the term 'demand' is one of very extensive import—among the most so, indeed, of any that are known to the law."

See also Washington v. Timberlake, 74 Ala. 259, 263 (Ala.Supr.1883).

The word "subsisting" has been defined to mean "to have existence, to be; to exist or continue to exist". Dillinger v. North Sterling Irrigation Dist., 129 Colo. 17, 266 P.2d 776, 781 (1954). This is in accord with the dictionary meaning of the root word "subsist". Webster's Third New International Dictionary.

In Townsend v. Tyndale, 165 Mass. 293, 43 N.E. 107 (1896), the phrase "subsisting pecuniary demands" was held to encompass indebtedness due on pre-existing promissory notes which had been barred by the statute of limitations. In Washington v. Timberlake, supra, it was held that for purposes of set-off, a debt existing at the time of accrual of a cross claim was a "subsisting demand".

From this review of early authorities it is clear that the phrase "subsisting demand" was used by the draftsman of the statute to mean pre-existing debts or claims. I find nothing which has occurred subsequently, either by legislative or judicial action, which warrants a departure from the meaning which the statutory words had when the language was initially adopted.

Defendant argues that the instrument does not qualify as an "acknowledgment" because it includes an express promise to pay. His contention is that an acknowledgment contemplated by the statute can only exist where there is an implied promise to pay. Defendant relies on Kojro v. Sikorski, 267 A.2d 603 (Del.Super.1970) in making this contention. *Kojro,* supra, involved two instruments one of which was an acknowledgment signed by defendant that defendant had received $1,500 from plaintiff's decedent. The applicable statutory period had run as to each instrument. The issue was whether a subsequent oral conversation between the principals concerning the debt tolled the statute of limitations. *Kojro,* supra, is inapplicable because, first, it did not consider the applicability of Section 8108, and second, because it did not exclude the possibility of a stated promise to pay, but merely declared that a promise to pay may be implied from an admission or acknowledgment of a subsisting debt and in such instance the claim would not be barred even though the applicable statute of limitations had run prior to the admission or acknowledgment.

In Burton v. Wharton, 4 Harr. 296 (Del.Super.1845), this Court held that a statement by a debtor that he was willing to pay the principal indebtedness was an acknowledgment which tolled the statute of limitations. The object of this statute was to establish a six year limitation for bringing action on a written instrument which acknowledges an existing indebtedness. The statute makes no reference to a promise to pay, either express or implied.

■ The word "acknowledge" does not appear in the present instruments. Is the promise to pay coupled with the phrase "for the loan extended to me by Mr. Peter Mykulak" an acknowledgment within the requirements of the statute? The date, the amount of the debt and the name of the payee and the name of the debtor appear in the instrument. Nothing in the statute indicates that the acknowledgment contemplated by § 8108 must be in a particular form or even contain the word "acknowledgment" or a derivative thereof. It appears that an instrument which by its terms clearly recognizes or admits the existence of a prior claim or debt is sufficient. See Levovsky v..Horvitz, 311 Mass. 475, 30 N.E.2d 411, 415 (1940).

In Dill v. Stevens, 144 Fla. 307, 196 So. 811, 812 (1940), a note bearing the wording "this is a note for $500.00 (Five Hundred dollars) money I borrowed from Ruthe E. Stevens" was held to be an acknowledgment of a prior debt.

■ Each instrument involved in this case, by the phrase "for the loan extended to me", coupled with the reference to a specified sum, acknowledges a pre-existing debt. The Court finds nothing in the statute or decisional law which indicates a legislative intent to exclude an instrument which both acknowledges a pre-existing debt and promises to pay it. Logic would indicate that the legislature would not have intended a less favorable status for an instrument which expressly promised to pay than for one which did not.

The principle announced in Boston v. Bradley's Ex'r., supra, has not been affected by later decisions. The instruments involved here require no oral testimony, beyond the proof of the instruments, to establish plaintiff's proof of his claim and meet the test of *Boston,* supra.

In view of the conclusion reached above, it is unnecessary to determine whether the instruments, which fail to qualify as negotiable instruments, are "promissory notes" as the term is used in the statute. Cf. City Bank of Wheeling v. Bryan, 72 W.Va. 29, 78 S.E. 400, 402 (1913) ; Alropa Corp. v. Myers, 55 F.Supp. 936 (D.Del.1944). If they qualify as promissory notes, they come within the statute; and if they fail to qualify as such, they come within the coverage discussed above.

Judgment will be entered for plaintiff against defendant. Plaintiff will present an order.