Theodore Franklin **SNYDER**, Plaintiff,

v.

**BALTIMORE TRUST COMPANY**, in its capacity as Executor for the Estate of William R. Hudson, and the Estate of William R. Hudson, Defendants.

Superior Court of Delaware,
Sussex County.

Submitted: Nov. 12, 1986.
Decided: Dec. 9, 1986.

Robert C. Wolhar, Jr. of Wolhar & Associates, P.A., Georgetown, for plaintiff.

Stephen P. Ellis of Tunnell & Raysor, Georgetown, for defendants.

## MEMORANDUM OPINION

CHANDLER, Judge.

This contract action arises out of the alleged breach of an express or implied promise to pay for certain personal services. Plaintiff Theodore Franklin Snyder ("Snyder") filed this lawsuit against defendant Baltimore Trust Company, the executor under the will of William R. Hudson ("Hudson"). Snyder alleges that he performed services for Hudson during the ten year period preceding Hudson's death on February 22, 1985. Snyder contends Hudson breached a promise to pay for the services he performed. Defendant invokes the statute of limitations as a partial bar to the claim, asserting that the statute bars any claim relating to services performed before July 26, 1982. The issue is now before me by way of defendant's motion for summary judgment.

### I.

A motion for summary judgment may only be granted if the moving party can demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. All facts must be considered in the light most favorable to the non-moving party, in this case Snyder, although uncontroverted evidence must be accepted as true. *Oliver B. Cannon & Sons v. Dorr–Oliver, Inc.,* Del.Super., 312 A.2d 322, 325 (1973). If there is evidence supporting a favorable conclusion for the non-moving party, viewing the facts in the light most favorable to him, summary judgment must be denied. *Plant v. Catalytic Construction Co.,* Del. Super., 287 A.2d 682, 684 (1972).

### II.

The facts are straightforward. Snyder was "like a brother" to Hudson. He performed extensive personal services, including nursing, transportation, grounds-keeping and general repairs. Hudson often commented that he would "take care of" Snyder. Perhaps not unreasonably, Snyder assumed that Hudson would remember him in his will.

On his death, Hudson devised his entire estate to his mother. After learning about the contents of the will, Snyder filed a statement of claim against Hudson's estate, asserting a claim for $58,500. This sum was based on a calculation of ten years of work at 22.5 hours per week at an hourly rate of five dollars. The executor denied Snyder's claim.

This is a contract action. Snyder grounds his claim on allegations of an implied or an express promise by Hudson to pay for Snyder's services. The claim is thus governed by 10 *Del.C.* § 8106 which provides that "no action based on a promise ... shall be brought after the expiration of three years from the accruing of the cause of such action." Defendant contends that any claim based on services performed before July 26, 1982—which is three years before the date suit was filed—is barred by § 8106.

Snyder argues that because on many occasions during the three years before Hudson's death Hudson acknowledged a debt to Snyder, the pre-existing debt is removed

from the statute of limitations and, therefore, no portion of the claim is time barred. Alternatively, Snyder asserts that even if Hudson's statements fail to clearly establish an acknowledgment of the debt, the statements are sufficiently ambiguous to raise a material issue of fact inappropriate for resolution by summary judgment. Lastly, Snyder argues that the breach did not occur until he discovered that he had been omitted from Hudson's will.

### III.

The test for finding an acknowledgment of debt, such that the debt is taken out of the statute of limitations, is narrowly defined. At one time the rule was that if the debtor "acknowledge[s] the debt to be a subsisting demand or makes any recognition of it as an existing debt, this will be sufficient to take the case out of the statute of limitations. The naked acknowledgment of a subsisting demand without an express promise to pay it is sufficient to take the case out of the limitation of the statute." *Joseph v. Johnson,* Del.Super., 82 A. 30, 31 (1908). However, the rule has been modified in later cases. *See Windsor v. Hearn,* Del.Supr., 161 A. 288 (1932); *Hart. v. Deshong,* Del.Super., 8 A.2d 85 (1939); *Pilch v. Gray,* Del.Super., 111 A.2d 835 (1955). Without tracing all of its history, suffice it to quote from *Kojro v. Sikorski,* Del.Super., 267 A.2d 603 (1970), which contains the most modern formulation of the rule:

> "Although no particular form is necessary, to remove a case from the statute of limitation there must be a *clear, distinct and unequivocal acknowledgment of a subsisting debt and a recognition of an obligation to pay it. There must be more than a vague or loose admission of an obligation. [citing Windsor* at 291] *Kojro, supra,* 267 A.2d at 607 (emphasis added)

The *Kojro* court further noted:

> "*There should be no uncertainty as to the debt referred to by an acknowledgment or new promise.* The general rule is that to take a demand from the operation of the statute, *the acknowledgment should be clear and explicit in relation to the subject or demand in which* it *refers—that is, the acknowledgment must either identify it or afford the means of identification,* either of itself or in connection with the circumstances under which it was made. It follows that where there are two or more distinct obligations due the same creditor, the acknowledgment must itself identify the one or ones to which the promise to pay attaches, and it seems that *the bar of the statute is not removed by a general admission of unsettled matters of account between the parties."* [*citing* 34 Am.Jur., *Limitations of Actions,* § 305] *Kojro, supra,* 267 A.2d at 607.

So the question is whether statements made by the decedent, Hudson, to Snyder and others were sufficient as a matter of law to remove the alleged debt from the statute of limitations. After comparing the fact patterns in previous cases with the facts here viewed in the light most favorable to the plaintiff, I conclude that the statements in question were not sufficiently unequivocal to avoid the bar of the statute of limitations.

### A.

■ The record reveals numerous occasions when the decedent promised to "take care of Ted [Snyder]." Plaintiff points to these statements, together with statements made during Hudson's final illness in Peninsula General Hospital, and argues that they establish either a clear acknowledgment of the debt or at least create a question of fact for the jury. *See* Deposition of Louise Campbell, Docket Item No. 24 at pp. 4–6. However, according to Campbell's deposition, Hudson made statements of this nature: "I'm going to pay him [Mr. Snyder], I'm going to pay him. I'm going to make it up to him. . . ." "I'm going to pay you [Mr. Snyder], I'm going to look out for you." *Id.*

In *Kojro v. Sikorski, supra,* defendant owed money on two distinct obligations, one for $3,000 with 3% interest and one for $1,500. It was questionable whether either

obligation had been completely fulfilled, but the last of seven checks amounting to $3,000 had been marked paid in full and an additional payment of $500 had been made. After the statutory period had elapsed on the second loan, plaintiff went to defendant's office and told defendant that she had "come to settle about our money", to which defendant replied, "I'm sorry but I overdrew my checking account and when I get everything straightened out I will settle it. Tell Leonard not to worry about nothing, everything is going to be okay." *Kojro, supra,* 267 A.2d at 605.

The *Kojro* court concluded that this exchange of information was not sufficient to take the debt out of the statute, relying for its decision on *Schuchler v. Cooper,* Del. Super., 62 A. 261 (1904). The defendant in *Cooper* had been asked to make payment for board supplied by plaintiff over a period of years. The *Cooper* court quoted the defendant as saying "he had plenty of money coming to him, and he ain't got it at the present time." Then defendant said, "If you don't get the money, the farm is big enough to pay you." *Cooper, supra,* 62 A. at 263. This exchange was also found insufficient to take the debt outside the statute of limitations.

Mindful of the foregoing authorities and their fact patterns, I am satisfied that Hudson's statements are far too vague to constitute the "clear, distinct and unequivocal acknowledgment" of a preexisting debt necessary to remove the debt from the statute of limitations. Moreover, although there are clear enunciations of a promise to pay, what exactly is to be paid is never stated. Nor were there unequivocal expressions of a duty to pay. The statements made were in the nature of "admissions of unsettled matters of account" between the parties rather than acknowledgments which "identified or afforded the means of identification." *See Kojro v. Sikorski, supra.*

### B.

 Snyder also argues that no part of his claim is barred by the statute be-

cause the contract to pay for services was not breached until he learned of the decedent's will and discovered that he had not been compensated. In a contract action, of course, the cause accrues at the time of the breach. *Nardo v. Guido De Ascanis & Sons, Inc.,* Del.Super., 254 A.2d 254 (1969). Equity enforces contracts to make wills so long as the contract is clearly proved and there is sufficient consideration. *Rash v. Equitable Trust Co.,* Del.Super., 159 A. 839 (1931); *Equitable Trust Co. v. Hollingsworth,* Del.Supr., 49 A.2d 325 (1946). In Delaware, however, a contract or agreement to make a will must be in writing to be enforceable against the heirs or personal representatives of the deceased. 6 *Del.C.* § 2715. Because any oral agreement to make a will in Snyder's favor is unenforceable, he cannot now claim that the breach of that agreement is the breach by which the statute of limitations is measured.

For these reasons defendant's motion for summary judgment is granted. Plaintiff's claims based on services performed before June 26, 1982 are barred by the statute of limitations.

An order consistent with this memorandum opinion has been entered.

### ORDER

For the reasons set forth in the Court's Memorandum Opinion entered in this case on this date, it is

ORDERED that summary judgment is entered in favor of the defendant and against the plaintiff in that plaintiff's claims based on services allegedly performed before June 26, 1982 are barred by the statute of limitations, 10 *Del.C.* § 8106.