**TOMAR, SELIGER, SIMONOFF, ADOURIAN & O'BRIEN, P.C., Plaintiff,**

v.

**Bayard J. SNYDER and Phillips & Snyder, P.A., Defendants.**

Superior Court of Delaware, New Castle County.

Submitted: Nov. 3, 1989.
Decided: Jan. 4, 1990.

---

James S. Green, of Connolly, Bove, Lodge & Hutz, Wilmington, for plaintiff.

Jeffrey M. Weiner, Wilmington, for defendants.

DEL PESCO, Judge.

This is the Court's opinion on the defendant's motion for partial summary judgment.

In 1978, plaintiff Tomar, Seliger, Simonoff, Adourian, ("Tomar, Seliger") a New Jersey law firm, hired defendant Bayard J. Snyder, Esquire, a member of the Delaware Bar, to set up and organize a new Wilmington office. Snyder was the head of this office until October 14, 1985 when he terminated his employment with Tomar, Seliger.

This dispute arises because of allegations that on October 9, 1985, before leaving plaintiff's firm, Snyder met with William Tomar and David Seliger to discuss contingent fee cases then pending. Plaintiffs contend that an agreement between Tomar, Seliger and defendant Snyder was reached at this meeting which provided that Tomar, Seliger would transfer certain contingent fee cases to Snyder upon his leaving the firm and that Snyder would pay plaintiff one-third of all fees received by Snyder in connection with the cases. For purposes of this summary judgment motion, the Court will assume that such an agreement was reached.

After leaving the firm, Snyder recovered fees from the contingent fee cases he continued to handle after his departure. Snyder has not paid plaintiff any portion of the fees. As a result, plaintiff filed this action against defendant and his new professional association, Phillips & Snyder, P.A.

Defendants have moved for partial summary judgment on the basis that the oral agreement violates the Delaware Lawyers' Rules of Professional Conduct and is, therefore, void and unenforceable as against public policy. In response, plaintiff contends that the Delaware Lawyers' Rules of Professional Conduct cannot serve as the basis for avoiding the fee-splitting agreement since the rules do not apply under the circumstances and cannot be used as a defense by a party to the agreement.

 To grant a motion for summary judgment, this Court must find that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Superior Court Civil Rule 56; *Snyder v. Baltimore Trust Co.*, Del.Super., 532 A.2d 624 (1986). The moving party bears the burden of demonstrating that there are no material facts and that he is entitled to judgment as a matter of law. *Moore v. Sizemore*, Del.Supr., 405 A.2d 679, 680 (1979); *Oliver B. Cannon & Sons v. Dorr–Oliver, Inc.*, Del.Super., 312 A.2d 322, 325 (1973). Further, the Court examines the record in the light most favorable to the non-moving party. *Sweetman v. Strescon Industries, Inc.*, Del.Super., 389 A.2d 1319, 1324 (1978).

 Defendant's first contention is that plaintiff was a nonlawyer for purposes of the disciplinary rules. Thus, he asserts that the oral agreement violates Rule 5.4(a) of the Delaware Lawyers' Rules of Professional Conduct which provides that "A lawyer or law firm shall not share legal fees with a nonlawyer, . . . ."

I am not persuaded by this argument. At the time of the fee agreement, Tomar, Seliger was a law firm authorized to practice law in New Jersey and it was practicing in Delaware through Snyder and other attorneys admitted to the Supreme Court of the State of Delaware. The fact that at the time of the agreement the firm had not registered with the Supreme Court of the

State of Delaware, or that it was not registered to do business in Delaware pursuant to 8 *Del.C.* § 371 does not change its status for purposes of this motion.[1] Although William Tomar and David Seliger were not licensed to practice law in Delaware when they met with defendant to discuss the disposition of certain contingent fee cases, they were members of the New Jersey Bar and were, therefore, "lawyers" for purposes of Rule 5.4(a). In *Matter of Berl*, Del.Supr., 540 A.2d 410 (1988).

Defendant's reliance on *Peterson v. Anderson*, App., 155 Ariz. 108, 745 P.2d 166 (1987) is misplaced. In *Peterson*, there was no professional relationship between the Illinois attorney and the Arizona attorney who prosecuted the case, i.e., they were not members of the same firm.

 In addition, defendants contend that the agreement violates Rule 1.5(e) of the Delaware Lawyers' Rules of Professional Conduct since it does not divide fees in proportion to the services performed by each lawyer, nor were the clients advised of the agreement.

The ethical prohibition against fee-splitting between a lawyer and a nonlawyer is designed to prevent a lay person from practicing law and to prevent a lay person from controlling a lawyer's judgment. *Gassman v. State Bar*, Supr., 18 Cal.3d 125, 132 Cal.Rptr. 675, 553 P.2d 1147 (1976). DR 2–107 of the Code of Professional Responsibility "was formulated to prohibit brokering, to protect a client from clandestine payment and employment, and to prevent aggrandizement of fees." *Vogelhut v. Kandel*, 308 Md. 183, 517 A.2d 1092 (1986). DR 2–107 was replaced in Delaware by Rule 1.5 upon the adoption of the Model Rules of Professional Conduct in 1985.

Rule 1.5(e) of the Delaware Lawyers' Rules of Professional Conduct provides:

(e) A division of fees between lawyers who are not in the same firm may be made only if:

---

1. The affidavit of W. Jeffrey Whittle, Esquire, and correspondence attached thereto indicates that the obligations of the Tomar, Seliger firm vis-a-vis the Rules of the Supreme Court and the requirements of a foreign corporation are unclear. It appears that the Supreme Court Rules Committee is taking the matter under consideration.

(1) the division is in proportion to the services performed by each lawyer, or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;

(2) the client is advised of and does not object to the participation of all the lawyers involved; and

(3) the total fee is reasonable.

When defendant Snyder and Messrs. Tomar and Seliger met to discuss Snyder's termination, Snyder was still a partner in the Tomar, Seliger firm. In addition, the contingent fee cases which Snyder continued to handle originated with Tomar, Seliger while Snyder was either an associate or a partner. By its own terms, Rule 1.5(e) does not apply to lawyers who are in the same firm. It has no application to this case as there is obviously no issue with regard to the brokering of legal services, the activity which the rule seeks to prevent.

It is not uncommon for a law firm and a departing attorney to divide the fees resulting from contingent fee cases which the attorney has been handling and will continue to handle after he leaves. *La Mantia v. Durst*, 234 N.J.Super. 534, 561 A.2d 275 (1989). In *Baron v. Mullinax, Wells, Mauzy & Baab, Inc.*, Tex.App., 623 S.W.2d 457 (1981), the court held, under facts similar to the instant case, that the fee division agreement between the law firm and its former associate was valid and enforceable and did not violate the disciplinary rules. The agreement provided that the attorney would pay his former law firm a portion of the fees recovered from cases which he and the firm were working on when they were associated. Since the agreement as to this litigation was a part of the process of the attorney's separation from the firm, it did not violate any law, public policy, or the policy of the disciplinary rules. *Id.* at 461.

Furthermore, in *Baron*, the court noted that the clients did not have to be informed of the fee agreement because they were not affected by it in any way. The court reiterated that this fee agreement was simply a part of the overall process of the lawyer's separation from the law firm. 623 S.W.2d at 462. *See also Lemond v. Jamail*, Tex.App., 763 S.W.2d 910 (1988).

Defendant relies on cases where the courts have ruled that agreements which require one attorney to pay another attorney a portion of the fee recovered for referring the case are void and unenforceable because they violate the ethics rules and are against public policy. The case at bar does not involve a referral fee; consequently, the cases cited are inapposite.

Thus, since the contingent fee cases originated with plaintiff Tomar, Seliger and the firm performed legal services in connection with the cases prior to Snyder's resignation from the firm, the fee division agreement is valid and enforceable and does not violate Rule 1.5(e).

For the foregoing reasons, the motion for partial summary judgment is DENIED.