# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| ANTONETTE ALONSO, | : | |
| | : | |
| Plaintiff, | : | C.A.No. K14C-12-037 JJC |
| | : | |
| v. | : | |
| | : | |
| GERARD MALDONADO, SR. | : | |
| | : | |
| Defendant. | : | |

*Submitted: October 15, 2015*
*Decided: November 12, 2015*

## MEMORANDUM OPINION

**Upon Plaintiff's Motion for Summary Judgment**
**GRANTED**
**Upon Defendant's Cross-Motion for Partial Summary Judgment**
**DENIED**

James F. Waehler, Esquire & Brian T. Riggin, Esquire of Steen, Waehler & Schrider-Fox, LLC, Ocean View, Delaware, attorneys for the Appellant.

Donald L. Gouge, Jr., Esquire of Donald L. Gouge, Jr., LLC, Wilmington, Delaware, attorney for the Appellee.

Clark, J.

# I. INTRODUCTION

Before the Court is Plaintiff's Motion for Summary Judgment, and Defendant's Response and Cross-Motion for Summary Judgment. The Court finds that (1) the applicable statute of limitations does not bar Plaintiff's claim and (2) that Plaintiff is entitled to judgment as a matter of law. For the following reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**, and Defendant's Cross-Motion for Partial Summary Judgment is **DENIED**.

# II. BACKGROUND

The record in this case consists of only the complaint, answer, and verified facts alleged by the Plaintiff in pursuant to her motion and reply. The parties conducted no discovery. At oral argument, by agreement of the parties, the Court considered Defendant's response in opposition to Plaintiff's motion to be a cross-motion for partial summary judgment in favor of Defendant based upon the statute of limitations.

This debt action arises out of a verbal loan agreement between Antonette Alonso ("Plaintiff") and her cousin Gerard Maldonado, Sr. ("Defendant"). In 2011, Plaintiff agreed to advance money to the Defendant. Defendant denies that the entire amount advanced was loaned, but admitted in his answer that Plaintiff loaned him

"some funds". In four separate installments, Plaintiff advanced Defendant a total of $59,000 between April, 2011 and December, 2012. On April 9, 2011 Plaintiff wrote Defendant a check for $34,000. On May 31, 2012, Plaintiff wrote Defendant a check for $10,000 and then another $10,000 check on June 27, 2012. Plaintiff wrote the fourth and final check for $5,000 on December 25, 2012. Defendant admits receipt of these funds.

Plaintiff alleges that the parties agreed that repayment would be without interest and that the defendant would repay the loan in full once Defendant sold his home in Hartsdale, New York. Plaintiff supports these allegations through two affidavits. Defendant sold his home in May 2014, but did not repay Plaintiff. In regard to the alleged debt, Defendant emailed Plaintiff on August 2014 writing "Toni, I am not trying to avoid paying you back however I do not have any money left. I will pay you back asap." Defendant's email responded directly to Plaintiff's email stating, *inter alia*, "you owe me $59,000 which you have acknowledged and stated that you would pay back". No repayment followed and Plaintiff filed suit alleging breach of contract in December 2014.

Plaintiff now moves for summary judgment seeking the $59,000 allegedly due. In response, Defendant argues that the statute of limitations bars the claim for the

first installment of $34,000. Defendant also argues that the advancements were gifts, despite admitting in the answer that at least part of the amounts were a loan. While the Plaintiff's allegations regarding the existence of the loan, time for repayment, and the email were supported by affidavits, the Defendant did not offer affidavits in support of his position.

### III. STANDARD OF REVIEW

Summary judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party, the moving party demonstrates that "there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[1] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[2] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be

---

[1] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Benge v. Davis*, 553 A.2d 1180, 1182 (Del. 1989)); *see also* Del. Super. Ct. Civ. R. 56(c).

[2] Del. Super. Ct. Civ. R. 56(c).

4

appropriate.[3]  However, when the facts permit a reasonable person to draw but only one conclusion, the question becomes one for decision as a matter of law.[4]

In Delaware, the statute of limitations begins to run when the "proper parties are … capable of suing and being sued, and a cause of action exists capable of being sued on forthwith."[5] Actions filed outside the applicable statute of limitations are barred and are the subject of dismissal pursuant to Superior Court Rule 12(b)(6) or a motion for summary judgment.

## IV. DISCUSSION

Plaintiff moves for summary judgment seeking repayment alleging that there are no material issues of fact in dispute. Defendant opposes Plaintiff's Motion for Summary Judgment on the grounds that the statute of limitations bars repayment of the first loan installment, dated April 9, 2011. Defendant further claims that a factual issue remains as to whether the funds, other than the first $34,000, consisted of a loan or a gift.

---

[3] *Ebersole v. Lowengrub,* 180 A.2d 467, 468-69 (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

[4] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[5] *Hassler v. Valk Manufacturing Company*, 1983 WL 413299, *2 (Del. Super. Nov. 17, 1983).

**A. Plaintiff's claim is not barred by the applicable statute of limitations.**

Defendant raises the affirmative defense of statute of limitations. He argues that it bars recovery for the first check issued on April 9, 2011 because more than three years have lapsed between the date of that advance and the date of suit, December 24, 2014. Delaware's contract statute of limitations bars any claims based on a promise to pay filed greater than three years from the "accruing of the cause of action."[6] Defendant argues that Plaintiff's cause of action regarding the first advance accrued on the same day Plaintiff gave the $34,000 to the Defendant.

Plaintiff counters by arguing that the statute of limitations does not bar this claim because the demand for repayment was not made until August, and possibly October, of 2014. Plaintiff asserts that since suit in this case was filed on December 24, 2014, the action was filed well within the three year statute of limitations. Furthermore, Plaintiff argues in the alternative, that if for some reason the cause of action in this case accrued on the date of the first advance, Defendant acknowledged the entire debt in an email, dated August 15, 2014. Accordingly, this removes the claim from the statute of limitations.

---

[6]  10 *Del C.* § 8106.

The Defendant bears the burden of proving an affirmative defense. Consequently, the Defendant must prove that the statute of limitations has lapsed, making Plaintiff's claim time-barred.[7] The statute of limitations begins to run when the Plaintiff's claim accrues, at the moment of the wrongful act, or breach.[8]

For a loan, if there is no payment date set, the "statute of limitations begins to run a reasonable time after the loan is made."[9] This general rule is consistent with the principle in contract law that "where no time for performance is fixed, the Court will imply a reasonable time for performance."[10] The Court does not find that Plaintiff's claim accrued at the moment she lent Defendant the funds. Rather, the Defendant's obligation to repay the funds could not have occurred at its earliest before the date of the last in the series of advances which occurred on December 25, 2012. Furthermore, there is unrebutted evidence of record that repayment was not due until the sale of Defendant's home, which occurred in May of 2014. Suit was filed within three years of either date. Accordingly, the statute of limitations does not bar an attempted recovery of the $34,000.

---

[7] *SPX Corp. v. Garda USA*, Inc., 2012 WL 6841398, *2 (Del. Super. Dec. 6, 2012).

[8] *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, *6 (Del. Super. Feb. 15, 2013).

[9] *Estate of Rigby v. Walls*, 1994 WL 728843, *6 (Del. Ch. Nov. 9, 1994).

[10] *Id.*

Independently, even if the statute of limitations accrued at the time Plaintiff wrote the first check, a claim for that amount is not barred because of the Defendant's email acknowledgment of the debt on August 15, 2014. Defendant argues that he did not acknowledge the debt because the statement in his email was not specific enough to be an acknowledgment tolling the statute. In this regard, Defendant cites *Snyder v. Baltimore Trust Company's*, holding that "[a]lthough no particular form is necessary to remove a case from the statute of limitations there must be a clear, distinct and unequivocal acknowledgment of a subsisting debt and a recognition of an obligation to pay it. There must be more than a vague or loose admission of an obligation."[11] Defendant claims, as in *Snyder,* that the email exchange was too vague to serve as an acknowledgment of the obligation.

*Snyder* is distinguishable, however, because it involved a general obligation payment for personal services during the ten years preceding the death of an obligor.[12] In that case, the obligor promised the Plaintiff, "to take care of" the Plaintiff.[13] While this included a clear promise creating an obligation, the statements never clarified the

---

[11] *Snyder v. Baltimore Trust Company*, 532 A.2d 624, 626 (Del. Super. 1986).

[12] *Snyder*, 532 A.2d at 625.

[13] *Id.*

amount to be paid.[14] These statements were seen as "admissions of unsettled matters of account" instead of "acknowledgments which identified or afforded the means of identification."[15] Therefore, the statements made in that case were not acknowledgments of a preexisting debt because they were not clear, distinct and unequivocal. Rather, they were merely an admission of a vague obligation, which is not sufficient to remove a matter from the statute of limitations.

This case involves an email exchange that provides clear context. As this Court recognized in *Hassler v. Valk Manufacturing*, a Defendant's statement cannot be observed in a vacuum, but instead must be observed in the context from which it arose.[16] Further, the Court in *Kojro v. Sikorski* articulated "the acknowledgment should be clear and explicit in relation to the subject or demand to which it refers-- that is, the acknowledgment must either identify it or afford the means of identification, either of itself or in connection with the circumstances under which it was made."[17]

---

[14] *Id.* at 627.

[15] *Id.*

[16] *Hassler*, 1983 WL 413299, at *3.

[17] *Kojro v. Sikorski*, 267 A.2d 603, 606-07 (Del. Super. 1970) (quoting 34 Am. Jur. 246, *Limitation of Actions*, Sec. 305).

9

*Hassler v. Valk Mfg. Co.* involved a dispute over sales commissions due Plaintiff.[18]  In that case, the statements made by Defendant, "we will pay you all commissions owed to you" and "we will see that you are paid your commissions" were found to be "clear, distinct, and unequivocal acknowledgments of a subsisting debt and recognition of an obligation to pay it."[19]  The Superior Court found these statements to be sufficiently clear, even without a specific recitation of the amount due, because of the context.[20]  Unlike in *Snyder*, the statements *in context* permitted an easy calculation of the debt.  Namely, the Court held that the Defendant could have checked its invoices to determine the commissions it owed Hassler.[21]  Because the statements were clear admissions of an obligation to pay, and an amount certain could be ascertained,  those statements were sufficient to toll the statute of limitations.

Likewise, in this case, Defendant's email statement "Toni [Plaintiff], I am not trying to avoid paying you back however I do not have any money left.  I will pay you back asap" in direct response to Plaintiff's email stating, "you owe me $59,000 which you have acknowledged and state that you would pay back" is clear.  Defendant's

---

[18] *Hassler*, 1983 WL at 413299, at *1

[19] *Id.* at 3.

[20] *Id.*

[21] *Id.*

10

acknowledgment is more definite than the acknowledgment in *Hassler,* and was a clear, distinct and unequivocal acknowledgment of a subsisting debt. It recognized an obligation to pay with more than a vague or loose admission of an obligation. Independently, for this additional reason, Defendant's motion for partial summary judgment is denied.

## B. There are no genuine issues of fact in this case.

The Defendant's answer, response to Plaintiff's complaint, and cross-motion are not supported by specific facts creating a genuine issue of material fact. Summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.[22] If a motion for summary judgment is supported by affidavit, the burden shifts to the nonmoving party to demonstrate that there are material issues of fact.[23] It is not enough for the opposing party merely to assert the existence of a disputed issue of fact.[24] Delaware Superior Court Rule of Civil Procedure 56(e) states that

> [w]hen a motion for summary judgment is made and supported

---

[22] *Carriere v. Peninsula Ins. Co.*, 810 A.2d 349 (Del. 2002) (TABLE), 2002 WL 31649167, at *2 (Del. Nov. 20, 2002).

[23] *Id.*

[24] *Id.*

11

as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial.

Here, Plaintiff stated specific facts in her complaint, while Defendant made general denials, failing to raise a genuine issue of material fact in his answer. Plaintiff further provided affidavits supporting the facts alleged in both her motion for summary judgment and the reply to Defendant's cross-motion for summary judgment. Plaintiff also offered, as an exhibit to her motion for summary judgment, the email exchange constituting an admission by a party-opponent that Defendant owed Plaintiff $59,000.

In the reply portion of Defendant's cross-motion for summary judgment, Defendant claims that there is a genuine issue of material fact as to whether some of the advances were loans as opposed to gifts. Defendant cites no facts of record, apart from conclusory allegations, that some of the funds were a gift. To the contrary, Defendant admitted in his answer "that the Plaintiff <u>loaned</u> some funds to the Defendant."[25] Defendant further answered the complaint stating "Denied as to the

---

[25] Def. Answer at ¶ 4 (Emphasis added).

alleged terms of the <u>loan</u>."[26] Defendant did not submit additional facts, by affidavit or through discovery, to contest the terms as set forth by the Plaintiff, or contest that the entire $59,000 constituted a loan. Defendant admitted that he received $59,000 from the Plaintiff through the four checks.[27] Defendant has not raised an issue of material fact by affidavit or otherwise that creates a controversy for a finder of fact. Under the facts of record, the only reasonable conclusion for a trier of fact would be that the $59,000 at issue was a loan.

## V. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Cross-Motion for Partial Summary Judgment is **DENIED**.

/s/Jeffrey J Clark
Judge

---

[26] Def. Answer at ¶ 7 (Emphasis added).

[27] Def. Answer at ¶ 5.