JAMES A. HART *v.* THOMAS O. DESHONG.

■■■■■■■

■■

■■■■■■■■

(*June* 15, 1939.)

RODNEY, J., sitting without a jury.

*Abraham Hoffman* for plaintiff.

*H. Albert Young* for defendant.

Superior Court for New Castle County, No. 21, May Term, 1939.

RODNEY, J., delivering the opinion of the Court:

This case does not primarily concern itself with such form of acknowledgment of an antecedent debt as will remove the bar of the *Statute of Limitations*. It rather has to do with the effect of a payment of goods on account of such antecedent debt. The two matters, however, are so closely connected that a logical discussion of the latter seems to require some consideration of the former.

■■ At early common law time constituted no bar to an action for the enforcement of a legal right and *Statutes of Limitations* had their origin in 1623 in the *Statute of* 16

*Jas.* 1, *ch.* 16. It is not unworthy of remark that in actions such as this all questions of acknowledgment of the debt as removing the bar of the Statute are of a decisional nature and have no basis in the Statute itself. As Lord Sumner said, the Courts for three centuries had "been directed to what is, after all, the task of decorously disregarding an act of Parliament." Few legal questions could be presented showing greater variety or diversity of judicial opinion than the question as to the effect of a subsequent acknowledgment of a debt barred by the Statute. There was early read into the Statute that a promise to pay would remove the bar of the Statute, but a confession or acknowledgment of the debt would not be sufficient. *Dickson v. Thomson,* [1689] 2 *Show.* 126, 89 *Eng. Rep.* 835. Later it was *held* that an acknowledgment was evidence from which a jury might find a promise to pay. *Heyling v. Hastings,* [1698] 1 *Ld. Raymond* 421, 91 *Eng. Rep.* 1157; still later Lord Mansfield in *Quantock v. England,* [1770] 5 *Burr* 2628, 98 *Eng. Rep.* 382, said the statute did not destroy the debt but only took away the remedy "and the slightest word of acknowledgment will take it out of the Statute." The pendulum then swung the other way and the law of England now is that if a debtor makes such an unqualified acknowledgment of the debt being due that a promise to pay may be inferred therefrom he renews his liability and cannot avail himself of the *Statute of Limitations.* All of the English cases are collected in *Spencer v. Hemmerde,* [1922] 2 *A. C.* 507, where Lord Sumner in an elaborate opinion reconciles them to a very considerable extent.

The more limited period of Delaware judicial history has allowed a more consistent series of decisions, although there is evidence of some desire to depart from uniformity. In our first *Delaware Report* the case of *Newlin v. Duncan,* 1 *Harr.* 204, 25 *Am. Dec.* 66, the Court was primarily concerned with the question as to whether, after an acknowl-

edgment of an antecedent debt the action is brought upon the old debt or upon the new promise. The Court *held* the acknowledgment revived the old debt and did not create a new obligation. The Court, however, used language indicating that a "naked acknowledgment of a subsisting demand takes the case out of the statute."

In *Waples v. Layton & Sipple,* 3 *Harr.* 508, the Court said:

"The old cases went to a ridiculous extent * * * which the modern decisions are overruling. We cannot at least admit any thing to prevent the bar of the statute, which does not amount to an acknowledgment of a subsisting debt; nor leave any thing to the jury, unless such an acknowledgment can be fairly drawn from it."

See also *Black's Ex'rs v. Reybold,* 3 *Harr.* 528.

In *Chambers v. Fennemore's Adm'r,* 4 *Harr.* 368, the Court *held* that an acknowledgment which contains a direct admission of a present subsisting debt and raises an implied promise to pay is sufficient to remove the bar of the Statute. In this case Harrington, J., intimated that it was solely *Newlin v. Duncan* which deterred him from holding that the new promise constituted a new cause of action. See, also, *Robinson v. Burton,* 1 *Houst.* 540, 541, and *Magee's Adm'r v. Wright,* 2 *Houst.* 42. The last authoritative statement is *Windsor v. Hearn,* 5 *W. W. Harr.* (35 *Del.*) 184, 161 *A.* 288. In that case the Court intimates that the inference of *Newlin v. Duncan, supra,* that a mere acknowledgment of a subsisting demand or any recognition of an existing debt is evidence of a promise to pay it, was a statement which was somewhat too broad in scope. The Court, by its own language and the authorities approved by it, indicated that an acknowledgment or recognition of an existing debt to have the effect of furnishing evidence of a promise to pay it must be "unqualified and direct" or "unqualified and unconditional" and that the attendant circumstances be not inconsistent with or repel the implication of a prom-

ise to pay. The Court cited with approval *Bell v. Morrison,* 1 *Pet.* 351, 360, 7 *L. Ed.* 174, and *Williston on Contracts,* § 161, that the effect of acknowldgment "is merely that of evidence of a promise implied in fact. And if, taking all the circumstances into account, the admission does not indicate an intention to pay, no liability arises from it." See also 1 *Wood on Limitations,* § 68, &c.

■ ■  Just as an acknowledgment of a subsisting demand or recognition of an existing debt must be "unqualified and unconditional" in order to imply a promise to pay and thus remove the bar of the Statute, so the corollary is true. Thus an acknowledgment or recognition which expressly negatives the promise to pay has no effect upon the bar of the Statute. Many Courts have applied the doctrine *"Expressum facit cessare tacitum*—a thing expressed puts an end to tacit implication." When a promise to pay cannot be plainly drawn from all the surrounding circumstances the acknowledgment is ineffective.

■ ■  So, too, the Courts have uniformly *held* that when an acknowledgment is qualified or conditional no absolute removal of the bar can be had until the qualification has been removed or the condition complied with. While the original debt is the cause of action (*Newlin v. Duncan,* supra) the liability of the debtor is determined, not by the terms of the old but by those of the new promise. As Vice Chancellor Wigram said in *Phillips v. Phillips,* 3 *Hare* 281, 299, 67 *Eng. Rep.* 388, 396,

"The new promise and not the old debt is the measure of the creditors right. If a debtor simply acknowledges an old debt the law implies from that * * * a promise to pay it; for which promise the old debt is a sufficient consideration. But if the debtor promises to pay the old debt when he is able, or by installment, or in two years or out of a particular fund the creditor can claim nothing more than this promise gives him."

■  We now come to the more apposite principle of part payment of a debt as removing the bar of the *Statute*

*of Limitations.* Between the two methods of removing the bar of the Statute, viz. the direct and unconditional acknowledgment of an existing debt with its accompanying implied promise to pay on the one hand and a payment on account, on the other, there is much in common. The acknowledgment, written or oral, is an admission by word; the part payment is an admission by fact. In each case when the acknowledgment or part payment is direct and unconditional and the surrounding circumstances are such that the law implies a promise to pay, then the bar of the Statute is lifted. It has been said that part payment is the best of acknowledgments (13 *A. & E. Enc. Law* 750), for as indicated by Tindal, C. J., in *Wyatt v. Hodson,* 8 *Bing.* 309, 131 *Eng. Rep.* 412, a man is more rash with his words than his money.

Just as an acknowledgment must be direct and unconditional, so certain essentials are requisite in part payment. The debt must be pointed out and the intention to partly discharge that particular debt made clear, and there must be no surrounding circumstances to repel the implied promise to pay the balance.

The authorities are agreed, however, that a partial payment to revive a debt need not be made in money, since the giving of any property warrants the same inference as if the payment had been made in cash. 1 *Williston on Contracts, Rev. Ed.,* § 177; 17 *R. C. L.* 928; 1 *Wood on Limitations,* § 112.

Just as an acknowledgment of an existing debt may be either absolute or conditional, so may a part payment of the debt. There is no ground for a satisfactory distinction between a waiver by word and a waiver by act. The waiver must be taken as it—absolute if it is absolute and conditional if it be conditional.

I must now apply the foregoing principles to the facts

of the case at bar, which is being tried without the intervention of a jury. In doing so the plaintiff's own testimony, as being most favorable to him, will be adopted and given credit.

The applicable *Statute of Limitations* is three years. The last item of the original bill was incurred in 1931. In October, 1938, some seven years later, Hart met Deshong, and without telling him the exact amount of the old bill asked for some money on account of it. The debtor, Deshong, answered "I can't do that right now because I don't have the money to let you have * * * I am short of money myself." The creditor then said "How about letting me have some gasoline on account and I will credit you with the gas that I get from you * * * I will stop here every day or two and get some gasoline and credit your account with it. I will take a long while that way but that is better than nothing if you don't have the money if you will just let me have some gas and I will credit your account." He said "all right." The creditor, Hart, asked the price of the gas which was given at sixteen cents, which he noted in small book and then on his return home entered the credit of $1.60 on the account. Three days later the creditor, Hart, stopped again for gas. Deshong was not present and when the gas was put in the car the attendant came for the money the plaintiff said "Tell Mr. Deshong that I got ten gallons of gas and will credit his account with it." This credit was duly entered. Upon a subsequent application for gas Hart was informed by the attendant that Deshong had instructed him to refuse its delivery except for cash. Hart again saw Deshong who said "he just couldn't afford to do it right then but he would let me have it in a couple of more weeks." When this time had passed and Hart has again been refused by the attendant he again saw Deshong who said he had "changed his mind."

Upon this testimony I am asked to find that

Deshong had made such a payment on account of the debt owed by him that the law will imply a promise to pay that debt and the bar of the *Statute of Limitations* will be removed. I am thus asked to render a judgment on the original book account which judgment in turn, if collectible, can be collected in cash. I cannot so find. The testimony is in direct conflict but, when viewed in the light most favorable to the plaintiff, it shows that the defendant agreed to make payments on the bill by way of installments of gasoline and in no other fashion and by no other medium. There is no suggestion of any cash payment or even of a delivery of property in gross or of any payment to be made in any way other than that indicated, by installments of gasoline.

In *Gillingham v. Brown,* 178 *Mass.* 417, 60 *N. E.* 122, 124, 55 *L. R. A.* 320, the agreement was to pay by installments of cash and that Court *held* that "it cannot be inferred that he intended to recognize the existence of the old debt as an actual subsisting obligation in any other way. The nature of the act is to be determined by the intention of the debtor as shown by the act, his words, and the circumstances accompanying and explaining it." The cited case contains an interesting exposition of most of the problems here involved and was, I think, properly decided.

In view of the conclusion which I have reached it is not necessary to give any consideration to the question as to any possible distinction between a payment on account before the *Statute of Limitations* has run, and a payment on account of an indebtedness already barred by the Statute. See annotation in 36 *A. L. R.* 347, 361.

The present suit being purely on the book account of 1931 and the bar of the pleaded *Statute of Limitations* not having been removed the verdict must be for the defendant.

It is, of course, not for me to determine whether the old debt of 1931, while not removed from the bar of the

Statute and therefore not collectible as such, might still furnish a consideration for the new promise of 1938, as a separate transaction, in any action on that new promise, when and if it matures.