CHESTER PILCH, a sole proprietorship, trading as Pilch's Poultry Farms, v. MADISON GRAY, trading as Gray's Poultry Farms.

(*February* 18, 1955.)

RICHARDS, P. J., sitting.

*Caleb M. Wright* for the plaintiff.

*Robert W. Tunnell* (of Tunnell and Tunnell) for the defendant.

Superior Court for Sussex County, No. 83, Civil Action, 1954.

RICHARDS, P. J.:

The record before me discloses that the plaintiff filed a suit against the defendant on April 26, 1954, to recover the sum of $1,611.70, for goods sold and delivered by the plaintiff to the defendant between July 24, 1950 and October 26, 1950.

The defendant filed an answer in due course in which it appears as an affirmative defense that the cause of action set forth in the complaint did not accrue within three years next before the commencement of said action. In pursuance of said answer defendant moved for judgment on the pleadings on the ground that the action was barred by the statute of limitations. 10 *Del. C.* § 8106.

The plaintiff contends that his attorney, who at that time was I. D. Short, received a letter from Tunnell & Tunnell, attorneys for the defendant, dated March 19, 1953, inviting him to make a compromise offer of settlement, which read in part as follows:

"I believe that the eggs were sold in violation of the implied warranty of fitness which covered this sales transaction. Both Madison and Myself believe, however, that we should request you to obtain from the seller, if possible, a compromise offer of settlement, which, if you will forward to us, we will give our earnest and serious consideration".

On April 2, 1953, the plaintiff's attorney received a letter from his correspondent which contained the following language:

"We should not accept a fifty percent settlement, however, I will leave this matter to your judgment and if you believe a fifty percent settlement is desirable without going to Court, it is O. K. with me."

To this letter plaintiff's attorney made the following reply:

"I have discussed settlement of the above matter with debtor's attorney. He has written to debtor and we should have some response within the course of the next few days. I will advise you when I have further word".

On December 22, 1953, plaintiff's attorney received a letter from the defendant's attorney in this language:

"In reply to your letter of December 21, please be advised that our client denies liability in the above matter".

The question presented is, whether a request for a compromise offer of settlement of a claim is sufficient acknowledgment of an alleged debt, implying a promise to pay, to remove the bar of the statute of limitations.

The plaintiff relies upon the early Delaware cases of *Burton v. Hearn*, 1 *Del. Cas.* 78; *Newlin v. Duncan*, 1 *Harr.* (1 *Del.*) 204; *Black's Ex'rs v. Reybold*, 3 *Harr.* (3 *Del.*) 528; *Joseph v. Johnson's Ex'rs*, 7 *Penn.* (23 *Del.*) 468, 82 *A.* 30. They hold that the naked acknowledgment of a subsisting demand, without an express promise to pay it, is sufficient to take the case out of the statute of limitations.

These decisions were not approved by the later cases of *Windsor v. Hearn*, 5 *W. W. Harr.* 184, 161 *A.* 288; and *Hart v. Deshong*, 1 *Terry* 218, 8 *A.* 2d 85.

In the case of *Windsor v. Hearn, supra*, the Supreme Court went into the question very thoroughly, reviewing the cases relied upon by the plaintiff and other early cases in which

the question was involved. It either distinguished or disapproved the cases relied upon by the plaintiff, and held that in order to bar the statute of limitations there must be an unqualified and direct admission of a previous subsisting debt.

As far as the record discloses, the defendant has never admitted that he owes the plaintiff anything. By the letter of March 19, 1953, his attorney, with defendant's approval, requested the plaintiff's attorney to obtain a compromise offer of settlement. Plaintiff's attorney had previously written to defendant requesting payment of plaintiff's claim against him. It was after this request, that defendant's attorney wrote to plaintiff's attorney requesting him to obtain from the plaintiff a compromise offer of settlement, which he stated would be given earnest and serious consideration. This is an indication of some business transaction between the plaintiff and defendant, but certainly cannot be construed to constitute an unqualified and direct admission of a previous subsisting debt.

In plaintiff's answer to defendant's motion for judgment, attention is called to *Brill v. Brandt*, 176 *Misc.* 580, 26 *N. Y. S.* 2d 477, affirmed 263 *App. Div.* 811, 31 *N. Y. S.* 2d 674, affirmed 289 *N. Y.* 581, 43 *N. E.* 2d 718. Brandt and Satenstein had both signed a note payable to a certain bank upon which the bank had obtained a judgment against them. The Court held that certain writings signed by their duly authorized attorney offering to settle and compromise the judgment was an acknowledgment sufficient to satisfy section 59 of the Civil Practice Act and therefore tolled the statute of limitations. The case turned upon the Civil Practice Act of the State of New York.

The plaintiff relies upon the letter of March 19, 1953, in which defendant's attorney requests plaintiff's attorney to obtain from the plaintiff a compromise offer of settlement.

This is not an unqualified and direct admission of a previous subsisting debt.

The plaintiff's action not having been brought within 3 years from October 26, 1950, is barred by the statute of limitations.

Motion granted.