

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Feriozzi Co Inc v. Ashworks Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Feriozzi Co Inc v. Ashworks Inc" (2005). *2005 Decisions.* Paper 1231.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1231

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 04-1565

THE FERIOZZI COMPANY, INC.

v.

ASHWORKS, INC.,

<u>Appellant</u>

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 02-cv-00559)
District Judge: Hon. Joseph E. Irenas

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2005

BEFORE: BARRY, AMBRO and COWEN, <u>Circuit Judges</u>

(Filed:  May 10, 2005)

OPINION

COWEN, <u>Circuit Judge</u>.

Ashworks, Inc. ("Ashworks") appeals the District Court's order denying its motion to dismiss the complaint filed by the Feriozzi Company, Inc. ("Feriozzi Company").[1] Ashworks argues that the District Court committed the following errors: (1) holding that the statute of limitations for demand notes begins to run from the date a demand for payment is made, rather than the date the agreement is entered, and (2) finding that the estate of Joseph Feriozzi was not an indispensable party to, nor a real party in interest in, this action.[2] We will affirm the District Court's order.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction pursuant to 28 U.S.C. § 1291. It is undisputed that Delaware law governs this case. As we write solely for the parties, we only provide a brief recitation of the facts.

The Feriozzi Company brought an action to recover a $300,000 demand loan made to Ashworks in the early Fall of 1996. This loan was evidenced by two checks issued from the account of the Feriozzi Company to Ashworks, each in the amount of $150,000. Ashworks denied liability and brought a counterclaim asserting that the $300,000 received from the Feriozzi Company was a partial payment of a $450,000 investment to be paid under an alleged oral partnership or buy-in agreement and argued it was entitled

---

[1] Concetta Feriozzi, the sister of the late Joseph Feriozzi, filed this action on behalf of the Feriozzi Company.

[2] The issue of whether the transferee Court properly applied the law of the case doctrine is moot because we find that the initial Court properly denied Ashworks' motion to dismiss the complaint. Further, the transferee court considered the statute of limitations argument and concluded that the action was not time-barred.

2

to the remaining and outstanding $150,000 of the purchase price of the stock and other damages.

Ashworks filed a motion to dismiss the claims on various grounds, including statute of limitations and failure to join an indispensable party. The District Court, Wolfson, J., denied the motion and the case was transferred to Irenas, J., to conduct a bench trial. Following the bench trial, the District Court entered judgment in favor of the Feriozzi Company in the amount of $300,000 plus interest against Ashworks.

First, Ashworks contends that the District Court erred in determining that the complaint was not time-barred. Ashworks asserts that the complaint is untimely because a six-year, rather than three-year, statute of limitations is applicable here. Alternatively, Ashworks argues that even if the three-year statute were applicable, the action would nonetheless be time-barred because the cause of action accrued when the demand loan was entered, rather than when a demand for payment was made.

We review *de novo* the District Court's order denying Defendant's motion to dismiss. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). Dismissal on a pre-answer motion is only appropriate if it "'appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle [it] to relief.'" *See id*. at 653 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The three-year statute of limitations pursuant to the Delaware Code provides in pertinent part: "[N]o action to recover a debt not evidenced by a record or by an

3

instrument under seal . . . [and] no action based on a promise . . . shall be brought after the expiration of 3 years from the accruing of the cause of such action." 10 Del. C. § 8106. The six-year statute of limitations under the Delaware Code provides: "When a cause of action arises from a promissory note, bill of exchange, or an acknowledgment under the hand of the party of a subsisting demand, the action may be commenced at any time within 6 years from the accruing of such cause of action." 10 Del. C. § 8109.

We find that the six-year statute of limitations is inapplicable here because there is no note, bill of exchange or acknowledgment. The letter from Joseph Dell Aversano, President and CEO of Ashworks, to Gary J. McCarthy, counsel to the Feriozzi Company, dated November 15, 2001, was not an acknowledgment for purposes of the statute. The letter indicated that Ashworks "has every intention of paying the $300,000.00 Demand note to The Feriozzi Company, Inc." (App. at 68.) However, the letter further explained that "[l]ower sales over the last three years is restricting cash flow. . . . We are currently trying to increase business. As soon as more funds are paid [d]own to the bank Ashworks will make payments to The Feriozzi Company [o]n this note." (*Id.*)

Rather than being a "clear, distinct and unequivocal acknowledgment of a subsisting debt," *Kojro v. Sikorski*, 267 A.2d 603, 605 (Del. Super. Ct. 1970), this promise was "qualified [and] conditional." *Hart v. Deshong*, 8 A.2d 85 (Del. Super. Ct. 1939). Accordingly, it could not serve as the basis for applying the six-year statute of limitations under the Delaware Code. *See Lowe v. Pfirrman*, 1976 Del. C. P. Lexis 1

(holding that evidence failed to demonstrate there was such an unqualified and unconditional acknowledgment as to remove the bar of the statute of limitations); *see also Fineberg v. Credit Int'l Bancshares, Ltd., et. al.* 857 F. Supp. 338, 353 (D. Del. 1994) ("In order to be entitled to the six year statute of limitations in 10 Del. C. § 8109 an acknowledgment must be in writing . . . and must in itself establish the plaintiff's claim or cause of action.").

Having determined that the three-year, rather than the six-year, statute of limitations is applicable, we must now determine when the statute of limitations began to run. Appellants argue that the statute began to run from the date the agreement was entered. The District Court found that the statute began to run from the date the demand was made: "The idea of accrual of a cause of action is that you have a right to get money back on a demand note. You don't have to get the money back until they make a demand for it." (App. at 345.)

Ashworks concedes that the only case in Delaware that has addressed this issue is *The Kent County R.R. Co. v. Wilson*, 1875 Del. Lexis 9. In that case, the Court recognized that the statute of limitations on a promissory note payable on demand begins to run from the date it was executed. However, the Court held that the statute of limitations did not begin to run on the promissory note until after the time the note became payable according to the terms of the notices for payment because the agreement was entered into before the company was organized. *See id*. at 17. Many years after the

5

*Wilson* case was decided the Delaware legislature enacted 6 Del. C. § 3-118, which

outlines the accrual of a cause of action on a written demand note:

> [I]f demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of 10 years.

6 Del. C. § 3-118(b).

Although this statute is not controlling in this case because the loan was not

evidenced by a writing, its reasoning is persuasive. The cases cited by Ashworks are not

controlling here, not only because they are from different jurisdictions, but more

importantly because the law in those states regarding accrual of causes of actions for

demand notes in writing conflict with the law of Delaware. *See, e.g., Stebens v. R.V.*

*Wilkinson*, 1957 Iowa Lexis 573 ("The Iowa authorities and rule are to the effect a

[promissory] note payable on demand is payable upon the date of its execution, and is

barred by the statute of limitations in ten years from its date.")

Here, there was no demand or desire for payment for a few years after the loan was

made because the parties were trying to negotiate an investment deal. There was no

expectation for payment on the loan until it was clear, after the death of Joseph Feriozzi,

that there was no potential for an equity investment in Ashworks and the Feriozzi

Company demanded payment. Accordingly, we find that there was no breach until

6

payment was demanded and refused. It is undisputed that the cause of action was commenced within three years of the first demand for payment. We therefore affirm the District Court's conclusion that the Feriozzi Company's cause of action is not time-barred.

Ashworks also argues that the District Court erred by not dismissing the complaint for failure to join the estate of Joseph Feriozzi—an allegedly indispensable party to this action. Ashworks contends that the estate is the real party in interest because Joseph Feriozzi struck the deal with Joseph Dell Aversano in his individual capacity, rather than through the Feriozzi Company. We disagree and will affirm the District Court's conclusion that the estate is not an indispensable party.

We review the District Court's determinations regarding necessary parties pursuant to Rule 19(a) of the Federal Rules of Civil Procedure under a "plenary standard to the extent that it rests on conclusions of law and under a clear error standard as to any subsidiary findings of fact." *HB Gen. Corp. v. Manchester Partners*, L.P., 95 F.3d 1185, 1190 (3d Cir. 1996). We review the Court's conclusions regarding indispensable parties under Rule 19(b) for abuse of discretion. *See id.*

To dismiss a case for failure to join an indispensable party, a two-part inquiry should be applied. The first determination is whether the party is a "necessary party" under Rule 19(a). A party is a necessary party if, in its absence: (1) complete relief cannot be accorded to the present parties, (2) the disposition of the action would impair

the party's ability to protect its own interest, or (3) any of the present parties would be subject to a substantial risk of multiple or inconsistent obligations. Fed. R. Civ. P. 19(a). If the party is deemed a necessary party, we must then consider whether the party in an "indispensable party" under Rule 19(b). In determining whether a party is indispensable the interests of the plaintiff, the defendant, the absentee party, the courts and the public should be balanced. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109-111 (1968).

There is no dispute that the two checks, each in the amount of $150,000, were issued by the Feriozzi Company to Ashworks. (App. at 96, 99.) Further, the letter signed by Joseph Dell Aversano to Gary McCarthy, counsel for the Feriozzi Company, conceded liability to the Company: "Ashworks, Inc. has every intention of paying the $300,000.00 Demand [N]ote to The Feriozzi Company, Inc." (App. at 68.) Aside from the testimony of Ashworks' witnesses at trial, Ashworks has not presented any evidence that the $300,000 was given to Ashworks by Joseph Feriozzi and not the Feriozzi Company. The District Court did not err in determining that the estate is not a necessary party because the documentary evidence, including the checks and the letter, outweighed the testimony of Ashworks' witnesses.

Because we find that the estate of Joseph Feriozzi was not a necessary party, it cannot be the real party in interest. Rule 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest," and provides for dismissal of actions

if the real party in interest is not substituted or joined. Fed. R. Civ. P. 17(a). This rule ensures that under the "governing substantive law, the plaintiffs are entitled to enforce the claim at issue." *See HB Gen. Corp.*, 95 F.3d at 1196. We have already concluded that the Feriozzi Company was entitled to enforce the loan. Accordingly, we reject Ashworks' argument that the claim should be dismissed because the estate, not the Feriozzi Company, was the real party in interest.

For the foregoing reasons, the judgment of the District Court entered on February 5, 2004, will be affirmed.