# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CURT LAMBERT and ZHUN LU, )
)
Plaintiffs, )
) C.A. No.: N16C-12-412 EMD
v. )
)
NOVAK DRUCE CONNOLLY BOVE )
AND QUIGG LLP, )
)
Defendant. )

## MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Upon consideration of Plaintiffs' Motion for Entry of Judgment by Default (the "Motion") filed by Plaintiffs Curt Lambert and Zhun Lu; Defendant's Response in Opposition to Plaintiffs' Motion for Entry of Judgment by Default (the "Opposition") filed by Defendant Novak Druce Connolly Bove and Quigg LLP ("Novak Druce"); Affidavit of Jeffrey B. Bove, Esquire Provided in Support of (i) Defendant's Response in Opposition to Plaintiffs' Motion for Entry of Judgment by Default and (ii) Defendant's Factual Allegations Presented at the Hearing on that Motion ("Bove Affidavit"); Affidavit of Gregory Novak, Esquire Provided in Support of (i) Defendant's Response in Opposition to Plaintiffs' Motion for Entry of Judgment by Default and (ii) Defendant's Factual Allegations Presented at the Hearing on that Motion ("Novak Affidavit"); Affidavit of Joel Lutringer, Esquire Provided in Support of (i) Defendant's Response in Opposition to Plaintiffs' Motion for Entry of Judgment by Default and (ii) Defendant's Factual Allegations Presented at the Hearing on that Motion ("Lutringer Affidavit"); Answer to Complaint filed by Novak Druce; any and all exhibits attached to the Motion, the Opposition, the Bove Affidavit, the Lutringer Affidavit, the Novak Affidavit; the arguments presented in support

of the Motion and the Opposition at the hearing held on May 22, 2017; the Order Requiring the Filing of Affidavits in Support of Defendant's Response in Opposition to Plaintiffs' Motion for Entry of Judgment by Default; a review of Civil Rule 12 and Civil Rule 55; the entire record of this civil action; and, for the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

### GENERAL

Mr. Lambert and Mr. Lu filed their Complaint on December 29, 2017. The Complaint seeks damages, in the form of unpaid compensation, from Novak Druce. The Complaint asserts four causes of action against Novak Druce. Mr. Lambert seeks recovery under 19 *Del. C.* § 1101 and, in the alternative, for breach of contract. Mr. Lu also seeks recovery under 19 *Del. C.* § 1101 and, in the alternative, for breach of contract.

Novak Druce is a law firm that had an office in and transacted business in Delaware. Novak Druce is presently winding up its affairs, including closing offices while operating with just three employees. Two of these employees work from home. It is unclear where the third employee is located. No employees were located in Delaware

Novak Druce once occupied an office in Houston. Polsinelli PC, a law firm, is now located in the same office space once occupied by Novak Druce. According to the Lutringer Affidavit, Polsinelli PC has instructed its employees not to accept mail addressed to Novak Druce. Mr. Novak, formerly one of the named partners of Novak Druce, is now a lawyer at Polsinelli PC.

Novak Druce designated Jeffrey Bove to be its registered agent in Delaware. According to the Bove Affidavit, Mr. Bove never agreed to act as the registered agent of Novak Druce. Mr.

2

Bove was formerly an attorney at Novak Druce. According to the Bove Affidavit and the Novak Affidavit, Novak Druce never authorized Mr. Bove to accept service of process.

### SERVICE OF THE COMPLAINT

Pursuant to Civil Rule 4 and 10 *Del. C.* § 3103, Mr. Lambert and Mr. Lu first attempted service on Novak Druce by having the New Castle County Sheriff's Office (the "Sheriff") attempt personal service. The Sheriff attempted to serve Novak Druce at the address listed for its registered agent. The Sheriff did not successfully complete service of process. The Sheriff then filed a *Non Est Inventus* with the Court.

On January 30, 2017, counsel for Mr. Lambert and Mr. Lu emailed a courtesy copy of the Complaint and Summons to Mr. Bove. Mr. Lambert and Mr. Lu represent that they took this step because Mr. Bove was listed as Novak Druce's registered agent with the Delaware Secretary of State. Mr. Bove told counsel for Mr. Lambert and Mr. Lu that he would not accept service of process of the Complaint and Summons.

On January 31, 2017, the Sheriff thereafter attempted personal service of an Alias Summons on Novak Druce by serving that summons on Novak Druce's registered agent at the address of Mr. Bove's current employer. The Sheriff filed another *Non Est Inventus*, on February 15, 2017, stating that the Sheriff attempted to serve the Complaint and Alias Summons without success.

Mr. Lambert and Mr. Lu then tried to serve a second Alias Summons on Novak Druce on February 21, 2017. Mr. Lambert and Mr. Lu served the second Alias Summons by Certified Mail Return Receipt Requested. Counsel for Mr. Lambert and Mr. Lu filed an affidavit of service of this second Alias Summons with the Court on April 7, 2017.

As of June 15, 2017, Mr. Bove was still listed with the Delaware Division of Corporations as the registered agent of Novak Druce.

**THE MOTION**

Mr. Lambert and Mr. Lu filed the Motion on May 5, 2017. According to the Motion's certificate of service, Mr. Lambert and Mr. Lu served the Motion on (i) Novak Druce at their former office in Houston, TX (the office where Polsinelli PC currently reside and where Mr. Novak works); and (ii) Novak Druce, c/o Mr. Bove, at their former office in Wilmington, DE (where Mr. Bove currently resides as a lawyer in the Ratner Prestia firm).

Novak Druce filed the Opposition on May 17, 2017. On May 19, 2017, Novak Druce filed the Answer to the Complaint.

**CLAIMS OF MR. LAMBERT AND MR. LU**

The claims asserted by Mr. Lambert and Mr. Lu are based on compensation withheld by Novak Druce. Mr. Lambert and Mr. Lu were non-equity fixed income partners with Novak Druce.

Mr. Lambert and Mr. Lu are former employees of Novak Druce. On May 15, 2015, Mr. Lu resigned his position at Novak Druce. Mr. Lambert left soon thereafter, resigning from Novak Druce on May 23, 2014.

According to the Complaint, Novak Druce compensated non-equity fixed income partners with portions of their gross compensation as a monthly draw. Novak Druce also withheld some payments from the gross compensation, including medical, insurance, taxes and 2014 401(k) contributions. Mr. Lambert and Mr. Lu each were paid a portion of their gross compensation during 2014.

On May 22, 2015, Novak Druce's Chief Financial Officer sent an email to Mr. Lambert documenting Mr. Lambert's withholdings. The Chief Financial Officer states in this email that Mr. Lambert's remaining balance is $23,245. The Chief Financial Officer states that "…the Firm plans to commence payment in July, and continuing through year's end."

Novak Druce made two distributions to Mr. Lambert. Mr. Lambert received (i) an August 2015 distribution of $1,162.27, and (ii) a September 2015 distribution of $1,162.27. Novak Druce made no additional distributions leaving a remaining unpaid amount of $20,920.46.

On April 27, 2015, Novak Druce's Chief Financial Officer sent an email to Mr. Lu documenting Mr. Lu's withholdings. The Chief Financial Officer states in this email that Mr. Lu's remaining balance is $17,099. The Chief Financial Officer states that "[h]oldback amounts will be distributed in due course and on a schedule that we plan to announce over the next couple weeks."

Novak Druce made two distributions of $854.95 to Mr. Lu in September 2015. Novak Druce made no additional distributions leaving a remaining unpaid amount of $15,389.10.

## DISCUSSION

The Court finds this case very troubling. Novak Druce is a law firm that did business in Delaware. Moreover, Novak Druce, apparently, created a scheme during its winding down process that made it almost impossible for a creditor to effect service of process. Novak Druce conveniently ignored the Complaint until the filing of the Motion. At that point, Novak Druce filed the Response, argued excusable neglect and contended that it had two viable defenses to the claims of Mr. Lambert and Mr. Lu--failure to perfect service and that the claims were barred by applicable statute of limitations. As discussed below, these technical defenses are not valid.

5

Novak Druce was a law firm that employed highly sophisticated lawyers. The Court considers the situation before it one purposely and unfittingly created by Novak Druce.

Despite listing Mr. Bove as its registered agent, Novak Druce neither told Mr. Bove that he was Novak Druce's register agent nor authorized Mr. Bove to accept service of process. Strangely, Novak Druce continued to list Mr. Bove as its registered agent in Delaware even after the Hearing. In Houston, it appears that Novak Druce maintained no registered agent or address and instructed Polsinelli PC (a law firm now operating out of the former offices of Novak Druce in Houston) not to accept any mail addressed to Novak Druce. This is true even though Novak Druce is winding up its affairs and should be addressing valid claims of creditors in an orderly and effective manner.

Moveover, Novak Druce does not seem to have any valid defenses to the Complaint's claims. Instead, Novak Druce argues that Mr. Lambert and Mr. Lu failed to perfect service of process on Novak Druce. Novak Druce also contends that applicable statutes of limitation bar the claims of Mr. Lambert and Mr. Lu. Novak Druce does not claim that it does not owe compensation to these former employees. The Court holds that these two defenses, under the uncontested facts here, are not valid.

Under the circumstances, the Court finds that Mr. Lu and Mr. Lambert did properly effect service of process on Novak Druce. Both Delaware and Texas required Novak Druce to maintain a registered agent and/or address.[1] Novak Druce appears to have purposefully attempted to violated those statutes. First, Novak Druce made itself unavailable in Houston by closing its offices without maintaining a registered agent or address. Moreover, Polsinelli PC, the new law firm tenant at Novak Druce's address, instructed its employees not to accept mail

---

[1] 6 Del. C. § 15-1102; Tex. Bus. Orgs. C. § 152.802.

addressed to Novak Druce. In Delaware, Novak Druce shut down its offices and appears to have no employees. In addition, Novak Druce has instructed the registered agent, Mr. Bove, it lists as its registered agent not to accept service of process.

Novak Druce's seeming attempts to evade service of process were foiled by its own neglect. Novak Druce represented that Mr. Bove was its registered agent. The Court reviewed Department of State, Division of Corporations and found that Mr. Bove continued to be Novak Druce's registered agent on the date of the Hearing and thereafter. A creditor seeking to enforce valid claims should be able to rely on Novak Druce's public representation that Mr. Bove is its registered agent for service of process in Delaware.

The Court previously listed the efforts of Mr. Lambert and Mr. Lu to serve the Complaint.[2] Despite its obligations to maintain registered agents or offices, Novak Druce failed to abide by the law. Counsel for Mr. Lambert and Mr. Lu labored through this and provided valid notice of the Complaint. Novak Druce had notice (even telling Mr. Bove not to accept service of the Complaint)[3] but failed to take proper steps to address the Complaint. Trying to rely on labyrinth it created, Novak Druce remained silent until the Motion was filed. Then, Novak Druce employed Polsinelli PC, a firm it seems to share a continuing relationship. Under these circumstances, the Court finds that Novak Druce's failure to file a timely answer to the Complaint is not excusable neglect but, rather, inexcusable neglect.

Novak Druce next contends that it has a valid statute of limitations defense under 10 *Del. C.* § 8111 ("Section 8111"). Section 8111 provides:

> No action for recovery upon a claim for wages, salary, or overtime for work, labor
> or personal services performed, or for damages…shall be brought after the

---

[2] *See* p. 3-4.
[3] Novak Aff. ¶ 16.

expiration of 1 year from the accruing of the cause of action or which such action is based.[4]

Novak Druce represented early in 2015 that it would pay Mr. Lambert and Mr. Lu. Novak Druce made payments in August and September of 2015, but made no additional payments. Novak Druce contends that the one-year period provided for in Section 8111 expired some time prior to December 29, 2015—the date when the Complaint was filed. The Court does not agree. The law is clear that acknowledgment of a debt (and one for wages) can extend applicable limitations periods. Here, the Court finds that (i) Novak Druce acknowledged the debts owed Mr. Lambert and Mr. Lu, and (ii) Novak Druce promised to pay on those debts through the end of 2015—*i.e.*, December 31, 2015.

The test for finding an acknowledgment of debt, such that the debt is taken out of the statute of limitations, is narrowly defined. At one time the rule was that if the debtor "acknowledge[s] the debt to be a subsisting demand or makes any recognition of it as an existing debt, this will be sufficient to take the case out of the statute of limitations. The naked acknowledgment of a subsisting demand without an express promise to pay it is sufficient to take the case out of the limitation of the statute."[5] However, the rule has been modified in later cases.[6] *Kojro v. Sikorski*[7] contains the most modern formulation of the rule:

> "Although no particular form is necessary, to remove a case from the statute of limitation there must be a *clear, distinct and unequivocal acknowledgment of a subsisting debt and a recognition of an obligation to pay it. There must be more than a vague or loose admission of an obligation.*[8]

The *Kojro* court further noted:

---

[4] 10 *Del. C.* 8111.
[5] *Joseph v. Johnson*, 82 A. 30, 31 (Del. Super. 1908).
[6] *See Windsor v. Hearn*, 161 A. 288 (Del. 1932); *Hart. v. Deshong*, 8 A.2d 85 (Del. Super. 1939); *Pilch v. Gray*, 111 A.2d 835 (Del. Super. 1955).
[7] 267 A.2d 603 (Del. Super. 1970).
[8] *Id*. at 607 (emphasis added)(quoting from Windsor, 161 A. at 291).

8

"*There should be no uncertainty as to the debt referred to by an acknowledgment or new promise.* The general rule is that to take a demand from the operation of the statute, *the acknowledgment should be clear and explicit in relation to the subject or demand in which* it *refers-that is, the acknowledgment must either identify it or afford the means of identification,* either of itself or in connection with the circumstances under which it was made. It follows that where there are two or more distinct obligations due the same creditor, the acknowledgment must itself identify the one or ones to which the promise to pay attaches, and it seems that *the bar of the statute is not removed by a general admission of unsettled matters of account between the parties.*"[9]

So the question is whether statements made by Novak Druce to Mr. Lambert and Mr. Lu were sufficient as a matter of law to remove the alleged debt from the statute of limitations. After comparing the fact patterns in previous cases with the facts here in this civil action, the Court concludes that the statements in question were sufficiently unequivocal to avoid the bar of the statute of limitations.

With both Mr. Lambert and Mr. Lu, Novak Druce's Chief Financial Officer sent an email that stated what compensation remained outstanding and unpaid. In addition, Novak Druce's Chief Financial Officer made representations that these withheld amounts would be paid out through the end of 2015.

Further support comes from actual payments made by Novak Druce to Mr. Lambert in August and September 2015, and to Mr. Lu through two payments made in September 2015.

Mr. Lambert and Mr. Lu filed the Complaint on December 29, 2016. Given this, the Court finds that, pursuant to Section 8111, the Complaint was timely when it was filed before December 31, 2016. As such, the Court finds and holds that Novak Druce's defense based on the statute of limitations fails.

Superior Court Civil Rule 55(b)(2) provides:

By the Court. -- In all other cases, the party entitled to a judgment by default shall apply to the Court therefor; but no judgment by default shall be entered against an

---

[9] *Id.*

9

infant or incompetent person unless represented in the action by a guardian, trustee or other representative. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.[10]

Mr. Lambert and Mr. Lu properly moved for a default to be entered by the Court. Novak Druce did respond and, afterwards, finally filed the Answer. The Court, however, believes that entry of default is appropriate in this case. Novak Druce failed to file a timely answer. Mr. Lambert and Mr. Lu sought relief. Novak Druce cannot present a viable defense to the claims of Mr. Lambert and Mr. Lu. There are no triable issues. As such, the Court finds that relief under Superior Court Civil Rule 55(b) is proper.

## CONCLUSION

The Court finds and holds that cause exists for the relief sought in the Motion. Accordingly, the Court **GRANTS** the Motion. The Court **HOLDS** that (i) Novak Druce owes Mr. Lambert $20,920.46 in unpaid compensation, and (ii) Novak Druce owes Mr. Lu $15,398.10 in unpaid compensation. Finally, the Court **ORDERS** that the Office of the Prothonotary schedule an inquisition hearing before a Commissioner to determine whether Mr. Lu and Mr. Lambert are owed any additional amounts for reasonable attorneys' fees, interest and alike. **SO ORDERED** this 25th day of September, 2017.

/s/ Eric M. Davis
Eric M. Davis, Judge

---

[10] Del. Super. R. Civ. 55(b)(2).