# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

MIDLAND CREDIT         )
MANAGEMENT, INC. assignee of  )
CAPITAL ONE BANK (USA), N.A., )
                       )
     Plaintiff,           )     C.A. No.: CPU4-23-003228
                       )
     v.                 )
                       )
SECREA S. FOLEY,        )
                       )
     Defendant.       )

## ORDER

This action arises from an alleged breach of contract concerning a consumer credit card account. Plaintiff Midland Credit Management, Inc. seeks to recover $2,938.33, plus interest and costs from Defendant Secrea Foley. Plaintiff moved for summary judgment and a hearing was held on February 20, 2026.[1] During the hearing, the Court requested supplemental briefing on the issue of whether Plaintiff's claim is time-barred. The Court further noted that, if it found the case was timely filed, Defendant would be afforded the opportunity to submit a written opposition to Plaintiff's Motion for Summary Judgment.

---

[1] Plaintiff originally filed its Motion for Summary Judgment on February 23, 2024. The Court has held three (3) hearings since the Motion was filed, each time asking Plaintiff to provide a written explanation as to why the case is not time-barred by the applicable statute of limitations.

Plaintiff submitted its supplemental memorandum on March 10, 2026. Having considered the record, Plaintiff's written submissions,[2] and the representations made by the parties at the February 20, 2026 hearing, it appears to the Court that:

The record reflects that the subject account was charged off on July 10, 2019, which Plaintiff acknowledges as the operative default date. Thereafter, Defendant made a series of seven (7) monthly payments of $100.00 each from March 29, 2021, through September 29, 2021. No further payments were made after September 29, 2021. Plaintiff filed the Complaint on October 6, 2023.

Under 10 *Del. C.* § 8106, claims for breach of contract are subject to a three-year statute of limitations.[3] As a general rule, a cause of action accrues at the time of the breach.[4] However, where the debtor acknowledges the existence of the debt and obligation to pay on a defaulted account before the statute of limitations has run, the operation of the statute of limitations is removed.[5] Such acknowledgement may be implicit by the debtor making partial payment on the defaulted account, provided there are "no surrounding circumstances to repel the implied promise to pay the

---

[2] The issuance of this Decision was complicated by Plaintiff's failure to provide any relevant case law directly responsive to the Court's inquiry: that is, whether the statute of limitations was tolled such that Plaintiff's claims were not time-barred.

[3] 20 *Del. C.* § 8106 (a).

[4] *Dukes Lumber Co. v. Ewing,* 2006 WL 1277873, at *2 (Del.Com.Pl.,2006).

[5] *Patamon v. Suburban Propane Gas Corp.,* 505 A. 2d 1309, 1309 (Del. 1986); *Lambert v. Novak Druce Connolly Bove and Quigg LLP,* 2017 WL 4269882, at *4-5 (Del. Super. Sept. 25, 2017); *Kojro v. Sikorski,* 267 A. 2d 603, 606-607 (Del. Super. June 10, 1970).

2

balance."[6] In that scenario, "a new promise to pay is implied from the partial payment of the debt."[7]

Here, the alleged breach occurred on July 10, 2019. Absent some intervening event, the statute of limitations would have rendered Plaintiff's claims time barred three years later, on July 10, 2022. However, before that critical point, Defendant impliedly acknowledged the debt and obligation to pay by making partial payment on the defaulted account. The unequivocality of Defendant's acknowledgement of the debt and obligation to pay is buttressed by the surrounding circumstances, for Defendant's payment on the defaulted account was not an isolated event; she made not one, but seven consecutive monthly payments on the long-defaulted account.[8]

Defendant's partial payments indicated a new promise to pay, thereby lifting the statute of limitations. When, on September 29, 2021, Defendant defaulted on her new promise to pay, the three-year statute of limitations began to run anew.[9] Plaintiff filed its complaint on October 6, 2023—well within the three-year statute of limitations. Accordingly, Plaintiff's claims are timely under the applicable statutory period.

---

[6] *Hart v. Deshong*, 8 A.2d 85, 87 (Del. Super. 1939).
[7] *Patamon*, 505 A. 2d 1309.
[8] Further, it should be noted that in her responsive pleading, Defendant admitted to the existence of the debt and even noted her "original intent to pay [the] bill." Def. Answ. at ¶ 2.
[9] *Patamon*, 505 A. 2d 1309 (explaining that the statute of limitations did not accrue until the date of the defendant's last partial payment).

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.      Should Defendant wish to contest Plaintiff's Motion for Summary Judgment, Defendant must file a written opposition no later than **May 11, 2026**. The Court will rule on the Motion on the papers unless it determines a hearing is necessary.

2.      If no written opposition is filed, the Motion will be granted as unopposed.

**IT IS SO ORDERED this 10th day of April, 2026.**

Carl C. Danberg
Chief Judge